**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:

ROBERT L. SCHWARTZ,   Case No. 11-14834
                                              Bankruptcy Case No. 10-71142
　　　　Debtor.
_____/

PAMELA LIGGETT,

　　　　Appellant,

v.

ROBERT L. SCHWARTZ,

　　　　Appellee.
_____/

**ORDER DISMISSING WITHOUT PREJUDICE
APPEAL FROM THE BANKRUPTCY COURT**

On March 29, 2012, the court issued an order directing Appellant/Creditor Pamela Liggett to show cause why the court should not dismiss as moot this appeal, which challenges the bankruptcy court's dismissal of her adversary complaint seeking a nondischargeable judgment against Appellee/Debtor Robert Schwartz. Because the court, pursuant to a separate appeal by Liggett, had vacated the bankruptcy court's confirmation of Schwartz's reorganization plan on the grounds that he was ineligible for relief under Chapter 13 of the Bankruptcy Code, it seemed that the parties no longer had a legally cognizable interest in a determination of whether Schwartz's acknowledged debt to Liggett was dischargeable in bankruptcy. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969). Liggett timely responded on April 9, 2012,

urging the court not to dismiss her appeal as moot because, in the event that the bankruptcy court allowed Schwartz to convert his Chapter 13 petition into a Chapter 7 or Chapter 11 petition, the order dismissing Liggett's claim of nondischargeable debt would be binding as law of the case in the subsequent proceedings.

While Liggett's response raises a legitimate concern, the court ultimately finds it unpersuasive. As an initial matter, the bankruptcy court has yet to determine whether Schwartz's petition will go forward under Chapter 7 or Chapter 11 or instead be dismissed. Liggett does not dispute that this appeal would be moot if the bankruptcy court opts for dismissal—a course of action she apparently prefers, as evinced by her filing of a motion to dismiss in the bankruptcy court. If the bankruptcy court does convert Schwartz's case to a Chapter 7 or Chapter 11 proceeding, Liggett will still be required to institute another action seeking a nondischargeable judgment. It will be the bankruptcy court's ruling on that matter that actually creates a "live" dispute affecting the parties' rights. *See Powell*, 395 U.S. at 496. Under those circumstances, the order that forms the basis of this appeal cannot be considered a final, appealable order of the bankruptcy court, *see* 28 U.S.C. § 158(a)(1), as it will be relevant only if, as Liggett predicts, the bankruptcy court concludes that it must treat Liggett's renewed complaint in a manner consistent with its prior rulings in the now-defunct Chapter 13 proceedings.

In light of all these contingencies—which, even if they occur, will undoubtedly alter the scope of the existing appeal—the court still deems it appropriate to dismiss this matter on jurisdictional grounds. Notwithstanding, the dismissal will be without prejudice to Liggett's ability to challenge the legal determinations made by the

2

bankruptcy court in the course of dismissing her adversary complaint, should that decision be implicated in a future appeal from the bankruptcy court. Accordingly,

IT IS ORDERED that this matter is DISMISSED WITHOUT PREJUDICE. Liggett retains the right to a review on the merits of the bankruptcy court's dismissal of her adversary complaint in connection with Schwartz's vacated Chapter 13 reorganization plan, to the extent that the bankruptcy court later relies upon that decision in any subsequent proceedings.

       s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2012, by electronic and/or ordinary mail.

       s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522